**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

TAX AND BANKRUPTCY ATTORNEY, PLC
and KENNETH KEATE,

                          Defendant.

Civil No. 22-2928 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

LaQuita Taylor-Phillips, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION**, PO Box 7238, Ben Franklin Station, Washington, DC 20044, for Plaintiff.

Kenneth E. Keate, **TAX AND BANKRUPTCY ATTORNEY, PLC**, PO Box 4065, Saint Paul, MN 55104, for Defendant.

The United States filed this action to reduce to judgment various assessments against Defendants Tax and Bankruptcy Attorney, PLC ("TAB") and Kenneth Keate from 2011 to 2021 for unpaid taxes and civil penalty liabilities. The United States then moved for summary judgment. Defendants failed to timely respond to the motion and still have not done so. Because tax assessments are entitled to a legal presumption of correctness and Defendants have not presented any evidence to create a genuine issue of material fact, the Court will grant the United States's motion.

## BACKGROUND

**I.      FACTS**

The United States initiated this action against Tax and Bankruptcy Attorney, PLC ("TAB") and Kenneth Keate. (Compl. ¶ 1, Nov. 17, 2022, Docket No. 1.) TAB is a limited liability company established in Minnesota and Keate its sole owner and president. (*Id.* ¶¶ 6–7.) The United States claims that TAB incurred federal tax liability for failure to pay employment and unemployment taxes, as well as a civil assessment for failure to timely file Wage and Tax Statements ("W-2"). (*Id.* ¶¶ 9, 16, 23–24.) Keate faces claims for failure to report some income and failure to pay income taxes and liability for TAB's failure to pay its trust fund taxes. (*Id.* ¶¶ 29–30, 37–40.)

### A.      TAB's Federal Tax Liabilities

The IRS determined that TAB was liable for employment taxes and unemployment taxes. TAB filed quarterly employment tax returns reporting that it owed taxes in sixteen of the quarters ending between December 31, 2014, and December 31, 2020, but it did not pay the taxes due. (Decl. of Michael Stepka ("Stepka Decl.") ¶ 4, May 31, 2024, Docket No. 32.) TAB also filed an unemployment tax return for the tax period ending December 31, 2018, but did not pay the taxes due. (*Id.* ¶ 11.) As of May 20, 2024, TAB's overdue balance of federal employment tax liabilities totals $73,456.06, and TAB's outstanding balance of federal unemployment tax liability totals $178.40 plus statutory interest and additions that continue to accrue. (*Id.* ¶¶ 9–10, 15, Exs. 17, 19.)

TAB also incurred a civil penalty assessment under 26 U.S.C. § 6721 for failing to timely file W-2 Statements with the IRS for the tax period ending December 31, 2015. (*Id.* ¶¶ 16–17.) As of May 20, 2024, TAB's outstanding balance of civil penalty liability totals $3,509.47 plus statutory interest and additions that continue to accrue. (*Id.* ¶ 19, Ex. 21.)

IRS timely noticed TAB of all assessments. (*Id.* ¶¶ 8, 14, 18.) The United States supports each of TAB's outstanding balances with IRS Certificates of Assessments, Payments, and Other Specified Matters ("Forms 4340"). (*Id.* ¶¶ 7, 13, 18, Exs. 1–16, 18, 20.)

### B.   Keate's Federal Tax Liabilities

Keate filed individual income tax returns for tax years 2010, 2011, 2013, 2016, 2017, and 2018 but did not pay the income taxes reflected on those returns. (*Id.* ¶ 20.) Additionally, the IRS examined Keate's tax forms in 2010 and 2011 and determined that he had failed to report Schedule E, interest, and dividend income in both years. (*Id.* ¶¶ 21–22.) Keate was made aware via timely notices of these tax assessments. (*Id.* ¶ 25.) As of May 20, 2024, Keate's overdue balance of federal income tax liability totals $51,354.32 plus statutory interest and additions that continue to accrue. (*Id.* ¶¶ 26–27, Ex. 28.) The United States supported Keate's tax liabilities with Forms 4340. (*Id.* ¶ 24, Ex. 22–27.)

### C.   Keate's Trust-Fund Recovery Penalties Liabilities

TAB was required to withhold federal income and Federal Insurance Contributions Act ("FICA") taxes from the wages of its employees and pay those withholdings to the IRS

for eleven quarters between 2010 and 2017 but failed to do so. (*Id.* ¶ 28.) Keate admitted he was responsible for collecting, accounting for, or paying federal income taxes and FICA taxes withheld from wages of TAB's employees. (Second Decl. of LaQuita Taylor-Phillips ("Taylor-Phillips Decl.") ¶¶ 2–3, Ex. 41 at Resp. 1, Ex. 42 at Resp. 28, May 31, 2024, Docket Nos. 33-1, 33-2.) During the tax quarters at issue, Keate admitted knowledge of TAB's unpaid trust fund taxes but "directed, authorized, or otherwise caused to be paid" other creditors of TAB ahead of the United States. (*Id.* ¶ 3, Ex. 42 at Resps. 35–36.) IRS timely provided Keate with notices of all assessments. (Stepka Decl. ¶33.)

As of May 20, 2024, Keate's overdue balance of TFRP assessments totals $34,577.27 plus statutory interest and additions. (*Id.* ¶ 34–35, Ex. 40.) Both Forms 4340 and IRS Account Transcripts are used to support the United States's TFRP assessments against Keate. (*Id.* ¶¶ 30–32, Exs. 29–32, 33–39.)

**II.     PROCEDURAL HISTORY**

The United States filed this action to reduce the numerous tax and civil liability assessments to judgment. (Compl. ¶¶ 8–54.) Defendants filed a joint Answer on March 22, 2023. (Answer, Docket No. 12.) On May 31, 2024, the United States moved for summary judgment on all counts. (Mot. Summ. J., Docket No. 30.) The Court granted a Motion for Continuance to give Defendants until July 24, 2024, to respond to the United States's motion. (Order, July 2, 2024, Docket No. 37.) However, Defendants have still failed to respond to the United States's Motion for Summary Judgment, file an additional

motion for continuance, or otherwise participate in this matter, and the time to do so has long since passed. The court will thus decide the matter without oral argument.[1]

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest on mere allegations or denials but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256 (discussing Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

---

[1] *See* D. Minn. L.R. 7.1(g) ("If a party fails to timely file and serve a memorandum of law, the court may . . . consider the matter submitted without oral argument.").

**II.     ANALYSIS**

The United States moved for summary judgment to reduce its assessments against TAB and Keate to judgment. Federal tax assessments are entitled to a presumption of correctness. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Forms 4340, IRS Account Transcripts, and IRS employee declarations are all sufficient avenues to establish the validity of tax assessments. *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993); *McLaine v. Comm'r*, 138 T.C. 228, 241 (2012); *United States v. Macpherson,* No. 18-0050, 2018 WL 3628905, at *2 (D. Minn. July 9, 2018). Once the presumption of correctness is established, the taxpayer has the burden of proving by a preponderance of evidence that the assessments are incorrect. *North Dakota State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001) (citation omitted). "If the taxpayer fails to present evidence of an arbitrary or erroneous determination of his or her tax burden, the United States is entitled to summary judgment." *United States v. Neal*, 255 F.R.D. 638, 643 (W.D. Ark. 2008); s*ee also Long v. Comm'r*, 757 F.2d 957, 959 (8th Cir. 1985) ("[T]he Commissioner is entitled to the benefit of that presumption in moving for summary judgment, and the presumption will permit judgment in the Commissioner's favor unless the opposing party produces substantial evidence overcoming it.") (internal citations omitted). Because Defendants did not respond to the summary judgment with any evidence to refute the assessments' presumption of correctness, summary judgment is appropriate.

### A. Counts 1–4: TAB's tax liabilities and Keate's federal income tax

Counts 1–4[2] at base seek to reduce tax assessments and civil penalties to judgment. In support of each assessment and penalty, the United States submitted to the Court the declaration of IRS Advisor Stepka along with copies of the IRS's Forms 4340. Such declarations and certificates establish a presumption of correctness of the assessment and are sufficient to shift the evidentiary burden to the taxpayer. *See United States v. Novell*, No. 6:14-3009, 2014 WL 5474592, at *2 (W.D. Mo. Oct. 28, 2014), *aff'd*, 607 F. App'x 600 (8th Cir. 2015). Here, Defendants did not present any evidence that the tax assessments or penalties were erroneous or arbitrarily determined.[3] The United States is thus entitled to summary judgment on Counts 1–4 in the respective amounts of $73,456.06, $178.40, $3,509.47, and $51,354.32, plus statutory interest and additions accruing after May 20, 2024.

### B. Count 5: Keate's liability for TFRP assessments

The United States' fifth count seeks to reduce to judgment a trust-fund recovery penalty assessment ("TFRP") made against Keate. This Count is unique because it is TAB's

---

[2] Counts 1–4 include assessments for TAB's employment tax (Count 1), TAB's unemployment tax (Count 2), TAB's civil penalty (Count 3), and Keate's federal income tax (Count 4). (Compl. ¶¶ 8–35.)

[3] Defendants allege in their Motion for Continuance that it provided the United States with copies of the missing W-2 Form and claims that the IRS "would forgive [the penalty] since this is the only return I failed to file." (Defs.' Mot. Continuance at 2–3, June 28, 2024, Docket No. 36.) This allegation does not, however, dispute the validity of the assessment made against TAB for failing to timely submit the W-2 Form.

responsibility, but Keate can be held liable as the responsible agent. Employers are required to deduct and withhold federal income taxes and FICA taxes from employees' wages. *Westerman v. United States*, 718 F.3d 743, 747 (8th Cir. 2013). Such withholdings are considered "trust fund" taxes because they are held in "trust" for the federal government until paid to the IRS. *Id.* The person responsible for collecting, truthfully accounting for, or paying over the trust fund taxes may be held personally liable to the IRS for "willful" underpayment of trust fund taxes. *Id.* The term "willful" means a "voluntary, conscious, and intentional act, such as the payment of other creditors in preference to the United States." *Id.* at 748 (quoting *Elmore v. United States*, 843 F.2d 1128, 1132 (8th Cir. 1988)).

Here, Keate admits to being the person responsible for collecting, truthfully accounting for, or paying over the trust fund taxes. Keate also admits to directing, authorizing, or otherwise causing to be paid TAB's other creditors ahead of the United States. These admissions support a determination that Keate's failure to pay the required trust fund taxes was willful. *Ferguson v. United States*, 484 F.3d 1068, 1073 (8th Cir. 2007). Further, TFRP assessments are ordinarily presumed to be correct. *Id.* at 1077. Keate has not provided any evidence to refute that presumption or otherwise create a genuine issue of fact. The United States is thus entitled to summary judgment on Count 5 for the amount of $34,577.27 plus statutory interest and additions accruing after May 20, 2024.

**CONCLUSION**

The United States has provided sufficient evidence to support a presumption of correctness on its assessments against TAB and Keate. Defendants failed to provide evidence sufficient to refute that presumption. The Court thus finds that the United States has shown that it is entitled to summary judgment against TAB on Counts 1–3 in the total amount of $77,143.93 plus statutory interest and additions accruing after May 20, 2024. The United States has further shown that it is entitled to summary judgment against Keate on Counts 4–5 in the total amount of $85,931.59 plus statutory interest and additions accruing after May 20, 2024.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's Motion for Summary Judgment [Docket No. 30] is **GRANTED**.

2. Defendant Tax and Bankruptcy Attorney, PLC will pay the United States in the amount of $77,143.93 plus statutory interest and additions accruing after May 20, 2024.

3. Defendant Kenneth Keate will pay the United States in the amount of $85,931.59 plus statutory interest and additions accruing after May 20, 2024.

4. The United States must submit to the Court a proposed judgment with updated calculations of accrued interest and additions within 28 days after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  November 27, 2024                          _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                               United States District Judge